Filed 4/22/14 P. v. Levya CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAVIER JOEL LEVYA,<br><br>    Defendant and Appellant. | H040355<br>(Santa Clara County<br>Super. Ct. No. C1358777) |

Defendant Javier Joel Leyva was arrested after exiting a Target store where he was observed putting electronics and other merchandise into a backpack. Leyva pleaded no contest to second degree burglary (Pen. Code, §§ 459, 460, subd. (b))[1] and admitted a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12). On October 9, 2013, the court sentenced Leyva to 32 months in state prison, as called for by the plea agreement. As the court explained, that sentence represented the lower prison term for second degree burglary, doubled because of the prior strike conviction. The court awarded Leyva 119 days of actual credit and 118 days of conduct credit. The court also imposed a restitution fine of $280 (§ 1202.4, subd. (b)(2)), a parole revocation restitution fine of $280 (§ 1202.45), a court security fee of $40 (§ 1465.8), a criminal conviction assessment of $30 (Gov. Code, § 70373), and a criminal justice administration fee of $129.75 (*id*., § 29550.1).

---

[1] Further unspecified statutory references are to the Penal Code.

Leyva timely filed a notice of appeal based on the sentence or other matters occurring after the plea.  Appointed appellate counsel filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, stating the case and the facts but raising no issues and requesting that this court review the record for error independently.  This court notified Leyva of his right to file a supplemental brief, but Leyva did not do so.

Having examined the entire record, we are satisfied that appointed counsel has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

**Disposition**

The judgment is affirmed.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Márquez, J.

2